1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE DESIGNED PRODUCTS LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>PLANTRONICS, INC., et al.,<br><br>                              Defendants. | Case No.:  3:19-cv-00536-GPC-LL<br><br>**ORDER**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF No. 18];**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF No. 24].** |

Before the Court are two motions arising from a trademark infringement dispute. On April 12, 2019, Defendants Plantronics, Inc., Polycom, Inc., and Poly (collectively, "Defendants") filed a motion to dismiss Plaintiff Performance Designed Products LLC ("Plaintiff")'s First Amended Complaint.  (ECF No. 18.)  The motion is fully briefed. (ECF Nos. 21, 33.)  Also before the Court is Plaintiff's May 10, 2019 motion for preliminary injunction.  (ECF No. 24.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the motions suitable for adjudication without oral argument.   For the reasons set forth below, the Court

**GRANTS** Defendants' motion to dismiss and **DENIES** Plaintiff's motion for preliminary injunction.

## I.   Factual Background[1]

Plaintiff is a "leading video game accessory company in the U.S. and worldwide," organized under California law and with its principal place of business in San Diego, California.  (ECF No. 4, at 2.)

Defendant Plantronics, Inc., ("Plantronics") is a Delaware corporation with its principal place of business in Santa Cruz, California.  (*Id.*)  Defendant POLYCOM, INC. ("Polycom"), is a Delaware corporation with a principal place of business in San Jose, California.  (*Id.*)  After Plantronics acquired Polycom in 2018, the new combined entity was revealed to the public as "Poly." (ECF No. 18-1, at 5 (explaining that Plantronics is registered as the parent company).[2]

On or about March 21, 2018, Plaintiff developed the below "stylized 'P' mark with flanges," for use in connection with headsets.

---

[1]    The ensuing facts are taken from Plaintiff's FAC and are accepted as true upon a Rule 12(b)(6) challenge.   Defendants have asked the Court to take judicial notice of three types of documents: (1) a number of Plantronics' SEC Filings, (2) corporate webpages explaining the corporate merger between Defendants, and (3) Plaintiff's applications to register the disputed mark with the USPTO (and a related filing for voluntary amendment).  (ECF No. 18-2, at 2-3.)

The Court will take judicial notice of *some* of Defendants' proffered documents.  Although Defendants' documents are generally of the type which may be judicially noticed, *see* Fed. R. Evid. 201(b) (permitting cognizance of "matters of public record"), they are not all invoked for a proper Rule 12(b)(6) purpose.  In so far as the documents illustrate Defendants' merger history, they are noticed for background purposes.  In so far as Defendants seek to use Plaintiff's USPTO filings to suggest a pattern of duplicitous or less than good faith conduct in initiating this action, those documents have not been considered.  Defendants have moved to dismiss on the sole basis that the FAC lacks sufficient factual allegations as to likelihood of confusion.  Plaintiff's submissions to the USPTO do not bear in any way on that issue.

[2]    It would thus appear to the Court that "Poly," which Plaintiff names as a defendant in the FAC, is a product of rebranding, rather than a separate entity with the capacity to be sued.

1
2
3
4
5
6
7
8
9
10
11



Plaintiff's Mark

12   (ECF No. 4, at 4.)  On or about July 3, 2018, Plaintiff placed an initial tooling order with

13   one of its factories to produce headsets bearing the mark; on approximately July 12,

14   2018, Plaintiff received its first order from a retail partner for the same.  On or about

15   October 30, 2018, the retail partner started to display the mark on its website.  Thereafter

16   on January 30, 2019, Plaintiff shipped its headsets to that retail partner and also begun

17   accepting orders on its website, www.pdp.com.  (*Id.*)

18        Plaintiff alleges that Defendants started using a "virtually identical" mark

19   sometime after Plaintiff's first use of the mark.  Plaintiff provides a pictorial juxtaposition

20   of the two marks:

21
22
23
24
25
26
27
28

| Plaintiff's Mark | Defendants' Mark |
|---|---|



(*Id.* at 5.)

On February 28, 2019, Plantronics applied for federal registration of its mark by filling an "intent to use" application with the United States Patent and Trademark Office ("USPTO"), Application Serial No. 88/320,811.  Plantronics sought registration of the mark for use in connection to a number of diverse classes, goods, and services, ranging from "cloud computing services," "electronic whiteboards," "sound masking equipment," and "interior design."  (*Id.* at 6–7.)  Plaintiff, in its FAC, highlights that listed among the various types of goods and services are "headsets."  (*Id.* at 6.)

## II.    Procedural Background

On March 21, 2019, Plaintiff filed an original complaint with this Court.  (ECF No. 1.)  On March 22, 2019, Plaintiff amended as of right and filed the First Amended Complaint ("FAC") at issue here.  (ECF No. 4.)  The FAC presents four causes of action for injunctive and monetary relief against Defendants for (1) trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, (2) common law trademark infringement, (3) violation of California's Unfair Competition

1  Law ("UCL"), Cal. Bus. Prof. Code § 17200, and (4) denial of federal registration marks
2  of Plantronics's USPTO Application Serial No. 88/320,811.

3      On April 14, 2019, Defendants moved to dismiss the FAC.  (ECF No. 18-1.)  On
4  May 10, 2019, Plaintiff filed a response in opposition.  (ECF No. 21.)  That same day,
5  Plaintiff filed a motion for preliminary injunction based on its first three causes of action.
6  (ECF No. 24.)  Defendants filed a reply to Plaintiff's response to the motion to dismiss on
7  July 7, 2019.  (ECF No. 33.)

8  **III.   Discussion**

9      The resolution of Defendants' motion to dismiss and Plaintiff's request for
10  preliminary injunction depends on the sufficiency of Plaintiff's first three causes of action
11  for trademark infringement.  Defendants have moved to dismiss all three trademark
12  infringement counts on a singular basis—that Plaintiff has failed to allege sufficient facts
13  of a likelihood of confusion between Plaintiff's goods and Defendants' goods.

14
15      For reasons explained more fully below, the Court agrees with Defendants that
16  Plaintiff has failed to meet its pleading burden on a material element of its claims.  The
17  Court will **dismiss** the FAC in its entirety[3] and **deny** the motion for preliminary
18  injunctive relief as moot.

19      **A. Rule 12(b)(6) Standard**

20      A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the
21  sufficiency of the pleadings set forth in the complaint.  A Rule 12(b)(6) dismissal is
22  proper where there is either a "lack of a cognizable legal theory" or "the absence of
23  sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police*

24
25  _____
26
27  [3]    Plaintiff has indicated that it does not oppose dismissal of its request to enjoin registration of
Plantronics's pending trademark application.  (ECF No. 21, at 23.)  For that reason, the Court will **grant**
28  that part of Defendants' motion to dismiss which pertains to Plaintiff's fourth cause of action with
prejudice.

*Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liberal notice standards provide that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 550 (internal citations omitted). At the same time, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, impressionistic and wholly-unelaborated claims do not fare well upon a motion to dismiss, as courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679.

Moreover, courts "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## B. Likelihood of Confusion under the Lanham Act

Plaintiff's claims for trademark infringement under Section 43(a) of the Lanham Act, common law trademark infringement, and unfair competition under the UCL may be analyzed "jointly," *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal 2012), because the test for all three turns on whether there is a "likelihood of confusion." *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) (quoting *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (noting that the Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to [the UCL] are 'substantially congruent' to claims made under the Lanham Act" (citation and quotation marks omitted)).

The Lanham Act provides "national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985). To prevail on claim of trademark infringement, Plaintiff must prove "(1) that is has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (citation omitted).[4]

"The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Entrepreneur Medica, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002). Courts in the Ninth Circuit apply the eight factors set out in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) to determine whether a defendant's mark

---

[4]     The Court's survey of the applicable legal regime focuses only on the second element—likelihood of confusion—because Defendants did not challenge this element in its motion to dismiss. (ECF No. 33, at 14.)

is likely to confuse consumers.  Under *Sleekcraft*, the court analyzes: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) degree of care likely to be exercised by the consumer; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Sleekcraft*, 599 F.2d at 348–49, 352.  The factors are "pliant," with some factors being more important than others and the relative importance of each factor being case-specific.  *Brookfield Commcn's., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

"Courts may determine the likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment." *Infostream Grp. Inc. v. Avid Life Media Inc.*, No. CV 12-09315 DDP (AJWx), 2013 WL 6018030, at *3 (C.D. Cal. Nov. 12, 2013) (citing *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 859 (9th Cir. 1996)).  Because likelihood of confusion turns on a "factual determination woven into the law," courts "routinely treat [it] . . . as [an issue] of fact" better left for resolution by jury.  *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356 n.5 (9th Cir. 1985).  However, courts have not hesitated to dismiss claims at the pleading stage where there is no likelihood as a matter of law.[5]

Moreover, the factual nature of the *Sleekcraft* inquiry does not absolve plaintiffs of complying with the mandates of *Iqbal* and *Twombly*, which require complaints to plead a

---

[5]     Caselaw sheds light on when allegations are so deficient such that a complaint fails to state a likelihood of confusion as a matter of law.  First, "[i]f goods or services are totally unrelated, there is no infringement because confusion is unlikely." *Murray*, 86 F.3d at 861.  Second, marks may be so starkly dissimilar on their face that they preclude a likelihood of confusion.  *See e.g.*, *Mintz v. Subaru of America, Inc.*, 716 F. App'x 618, 621 (9th Cir. 2017) (affirming dismissal because the design and words used by the parties were "obviously dissimilar").  Likelihood of confusion may also be decided at the pleading stage where the marks at issue are placed on products consumed different groups of purchasers, *see, e.g.*, *Robinson v. Hunger Free America, Inc.*, 18cv42-LJO, BAM, 2018 WL 1305722, at *3 (E.D. Cal. Mar. 13, 2018), or marketed through different market channels, *see, e.g.*, *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790–91 (9th Cir. 1981).

minimum quantum of factual content beyond "labels and conclusions" so as to "give the defendant fair notice of what the claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).  To this end, "the pleading must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (citation and quotation marks omitted).  "Unadorned, the defendant-unlawfully-harmed-me accusation[s]" do not, as a rule, survive motions to dismiss, *Iqbal*, 556 at 678, and conclusory allegations of a likelihood of confusion pose no exception to the rule.  *See, e.g.*, *VMR Prod., LLC v. V2H ApS*, No. CV 13-7719 CBM (JEM), 2014 WL 12591932, at *10 (C.D. Cal. Aug. 4, 2014); *Carter v. Oath Holdings, Inc.*, No. 17-CV-0708-BLF, 2018 WL 3067985, at *2–3 (N.D. Cal. June 21, 2018).

### C. Plaintiff's FAC is constituted entirely of conclusory allegations

The crux of Defendants' motion to dismiss turns on the sufficiency of Plaintiff's factual pleadings as to likelihood of confusion.  Defendants argue that Plaintiff failed to offer anything more than a bare recital of the elements of trademark infringement.  (ECF No. 18-1, at 12–15).  Specifically, Defendants contend that Plaintiff alleges only that the marks are similar and "will likely cause confusion," and that such assertions, standing alone, amount to nothing more than legal conclusions.

The Court agrees.  Plaintiff's FAC offers very little in the way of facts to support likelihood of confusion.  Plaintiff's FAC relies on a pictorial juxtaposition of its and Defendants' marks to show that they are "virtually identical."  Plaintiff also claims that Defendants' mark is "counterfeit" and a "knock off" of its own, but these are legal conclusions which the Court may not accept.  In addition, Plaintiff alleges that it sells headsets bearing the mark, and that Defendants have filed an Intent to Use Application for its mark "in connection with, among other things, headsets."  (ECF No. 4, at 6.)  Beyond these allegations, Plaintiff merely recites the elements of a trademark infringement suit: that Defendants' "use and promotion of the mark will likely cause

confusion, mistake or deception as to the affiliation, connection, or association of Plaintiff with Defendants, or with regard to the origin, sponsorship or approval but Plaintiff of Defendants' goods, services or commercial activities." (*Id.* at 7.)

The Court finds that Plaintiff has merely recited an element of trademark infringement, because it provided insufficient facts to plausibly state an allegation that the public is likely to be confused by Defendants' use of the mark. As Defendants point out, the allegations in the FAC closely resemble, and are even less developed than those found insufficient in the complaint dismissed by this Court in *Yaros v. Kimberly Clark Corp.*, ("*Yaros I*"), Case No. 17cv1159-GPC(BGS), 2018 WL 1744675, at *3 (Apr. 11, 2018). Yaros, the plaintiff, owned a registered mark for the words and mark "Better Together" for "disposable wipes" and sued for trademark infringement. *Id.* at *1. Yaros alleged that the defendant used the phrase "Better Together" to sell its own disposable wipes, and further averred that the defendant's use of the mark was "likely to cause confusion, mistake, and deception of the public." *Id.* at *3. The Court dismissed the claim because it agreed with the defendant that the complaint offered naught but a "formulaic recitation," of the likelihood of confusion. *Id.* Without more, the paucity of factual pleadings which plagued Yaros similarly undermines Plaintiff.

### D. Plaintiff does not allege facts of competitiveness

Plaintiff objects that it has sufficiently pleaded two key *Sleekcraft* factors—factor one, similarity of marks, and factor two, competitive goods—which shields its FAC from dismissal.

According to Plaintiff, its allegations bring it squarely within the scenario envisioned in *Sleekcraft*, which held that "[w]hen goods produced by the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar that confusion can be expected." 599 F.2d

10

at 348.[6]  Specifically, Plaintiff argues that its identification of "headsets" in its FAC is tantamount to an allegation that the parties' goods are "the same," and presumably, competitive.  (ECF No. 21, at 14–16.)  Defendants argue that the FAC lacks any pertinent factual allegations, and that in any event, there is no legal support for Plaintiff's theory that the Court may presume that a headset is a headset for the *Sleekcraft* rule.  (ECF No. 33, at 15.[7])

However, Plaintiff's reliance on *Sleekcraft* is unavailing, because the Court finds that Plaintiff has utterly failed to plead any facts relevant to a relationship of competition. Despite Plaintiff's entreaties, the Court cannot ignore *Iqbal* and *Twombly* and somehow transform Plaintiff's passing reference to Defendants' "headsets" into an allegation of competitiveness.  *See Iqbal*, 556 U.S. at 678 (requiring plaintiffs to plead at least enough "factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged") (emphasis added).  To that end, Court rejects Plaintiff's suggestion that a pleading which merely alleges the shared use (or intended

---

[6]    Competitive goods are distinguishable from related goods.  *See Sleekcraft*, 599 F.2d at 348 n.10 (Related goods are those "products which would be reasonably thought by the buying public to come from the same source if sold under the same mark.").  Competitiveness depends on, *inter alia*, market overlap, *id.*, at 348 and requires a more fulsome showing than relatedness.  *See, e.g.*, *Hearts on Fire Co., LLC v. Blue Nile, Inc.*, 603 F. Supp. 2d 274, 288 (D. Mass. 2009) ("Hearts on Fire is a diamond wholesaler, while Blue Nile is an internet diamond retailer; the two companies are not plain or obvious competitors.") (cited with approval by *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1154 n.6 (9th Cir. 2011)).

Whereas likelihood of confusion may be presumed where the marks are similar and the goods are competitive, *Sleekcraft* imposes a higher burden on plaintiffs asserting a claim arising from a defendant's related goods.  *Sleekcraft*, 599 F.2d at 348 ("When the goods are related, but not competitive, several other factors are added to the calculus.").

[7]    *Paul Sachs Originals Co. v. Sachs*, 217 F. Supp. 407, 414–16 (S.D. Cal. 1963), *aff'd*, 325 F.2d 212 (9th Cir. 1963) ("The plaintiff's position that 'women's clothes is women's clothes' and that the word 'Sachs' in a trademark cannot be applied to women's clothes by any manufacturer but plaintiff without a resulting confusion of source of goods is not sustained by the evidence.").

use) of a similar mark with respect the same general type of good, i.e., headsets, suffices to allege competitiveness.

Indeed, *Sleekcraft* itself disapproves of Plaintiff's proposition.  In *Sleekcraft*, both parties designed boats for towing water skiers.  The Sleekcraft was envisioned for the "highly skilled enthusiast [who] require[d] the higher speeds the Sleekcraft promise[d]," while the "Slickcraft line [was] designed for . . . family fun" and relied on promotional brochures featuring "small children."  599 F.2d at 348.  Although the Ninth Circuit observed a potential market overlap between the parties' boats, it affirmed the district court's conclusion that the two goods in question were not, in fact, competitive.   Thus, *Sleekcraft* refutes, rather than supports, Plaintiff's claim that a cursory reference to Defendants' "headsets" is sufficient to plausibly state a relationship of competition.  If a boat is not a boat, then a headset is not a headset.  *But see* Gertrude Stein, *Sacred Emily*, in GEOGRAPHY AND PLAYS 178 (1922) ("Rose is a rose is a rose.").

### E.  Plaintiff's FAC does not sufficiently allege *which* of Defendants' goods are implicated

In any event, Plaintiff's FAC fails for two additional reasons.  First, Plaintiff has sought to enjoin Defendants from using the mark on *any* of its products.  (ECF No. 4, at 9 (requesting injunctive relief "prohibiting Defendants from using the mark or any other mark that is confusingly similar to Plaintiff's mark").)  If Defendants' Intent to Use Application is any indication, many different kinds of goods might eventually be designated by the mark.  Even assuming *arguendo* that Plaintiff's cursory pleadings bring it within the ambit of the *Sleekcraft* rule *with respect to Defendants' headsets*, Plaintiff has failed to plead how its headsets might be considered competitive with any other of Defendants' goods or services.

Second, and even more fundamentally, Plaintiff has also failed to specify *which* of Defendants' products are accused of infringement.  Basic principles of fairness require claimants to articulate a claim which, at minimum, "give[s] the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citing FED. R. CIV. P. 8(a)(2)). To that end, courts have required plaintiffs to identify "which of Defendant's products is utilizing their trademark and which product is likely to cause consumer confusion." *See Yaros v. Kimberly Clark Corp*., No. 17CV1159-GPC(BGS), 2018 WL 1744675, at *3 ("*Yaros I*") (S.D. Cal. Apr. 11, 2018); *see also McCall's Country Canning, Inc. v. Paula Deen Enters., LLC*, No. 09-CV-0952-LAB (BLM), 2010 WL 11508996 (S.D. Cal. Feb. 8, 2010).)

In so far as Plaintiff has broadly gestured to Defendants' "headsets," such a reference is too capacious to carry the day. *See McCall's*, 2010 WL 11508996, at *2 (finding complaint which "doesn't specify *which* candles have a rustic appearance, or what exact features . . . render [defendant's] candles 'confusingly similar' or 'identical' to its own . . . . simply not enough" to present a facially plausible claim). In so far as Plaintiff wishes to enjoin Defendant from using the mark on *any* good or service it may offer, such a claim plainly fails for an utter lack of specificity.

### F. Plaintiff has failed to plead likelihood of confusion

In sum, Plaintiff has failed to show a likelihood of confusion, an indispensable element of his trademark infringement and false designation claims under the Lanham Act. *See Brookfield*, 174 F.3d at 1046 n.6. Accordingly, Plaintiff's federal claims fail as a matter of law. *See Spearmint Rhino Companies Worldwide, Inc. v. Chiappa Firearms, Ltd.*, No. CV 11-05682-R-MAN, 2012 WL 8962882, at *1 (C.D. Cal. Jan. 20, 2012). Further, as both parties recognize, Plaintiff's state law claims under the UCL and for common law trademark infringement rise and fall with the federal claims, and must also be dismissed. *See, e.g.*, *Guardian Pool Fence Sys. Inc. v. Sunwest Indus., Inc.*, No. SACV160824DOCJCGX, 2017 WL 2931413, at *6 (C.D. Cal. June 1, 2017) (dismissal of Lanham Act claims dooms related UCL unfair competition claims); *Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F. Supp. 2d 812, 826 (C.D. Cal. 2006) (common law

trademark infringement claims employ the same likelihood of confusion test as Lanham Act claims).

## IV.    Conclusion

Plaintiff's FAC is dismissed in its entirety.  However, dismissal as to the first three causes of action will be with leave to amend, since there is good indication that the pleading deficiencies may be curable upon amendment.

To elaborate on this point: although the Court has relied only on the allegations in the FAC in considering the motion to dismiss, the Court observes that Plaintiff's later-filed motion for a preliminary injunction provides substantially more factual allegations in support of its infringement claims.  Had those allegations found their way into Plaintiff's FAC, the outcome of the instant motion to dismiss may well have been different.  But instead of amending the complaint at the time it filed its motion for preliminary injunction, Plaintiff—for reasons which frankly escape the Court—elected to proceed on the basis of a skeletal complaint.  The consequences of Plaintiff's election are suboptimal, both for the parties' interest in a speedy resolution, and for the Court's conservation of judicial resources.  All involved have devoted considerable resources appraising the plausibility of threadbare, but apparently redeemable, claims.

With no operative complaint, Plaintiff's motion for preliminary injunction must be denied as moot.  *See, e.g. Red Eyed Jacks Sports Bar Inc. v. City of San Diego*, No. 14-CV-0823-L RBB, 2014 WL 3015189, at *1 (S.D. Cal. July 3, 2014) (motion for preliminary injunction denied as moot in light of dismissal of operative complaint); *Silvas v. G.E. Money Bank*, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative complaint has been dismissed, we dismiss this interlocutory appeal [for preliminary injunctive relief] as moot.").

Accordingly, mindful of streamlining the present litigation, the Court orders as follows:

- Defendants' motion to dismiss is **GRANTED**; the fourth cause of action is dismissed with prejudice, and the first three causes of action are with leave to amend.

- Plaintiff's motion for preliminary injunction is **DENIED** as moot.

- The motion hearings set on the two aforementioned matters are hereby **VACATED.**

- Should Plaintiff choose to file a Second Amended Complaint addressing the pleading deficiencies identified in this Order, it must do so **no later than July 19, 2019.**

- Any renewed motion for a preliminary injunction must also be filed by **July 19, 2019.** Any opposition would be due July 26, 2019; any reply by August 2, 2019. In the event that Plaintiff chooses to file a renewed motion, the Court is prepared to hold a hearing on the matter on **August 16, 2019** at 1:30PM in Courtroom 2D. Plaintiff may directly file the motion without calling chambers to secure a hearing date.

**IT IS SO ORDERED.**

Dated:  July 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge

3:19-cv-00536-GPC-LL