1  LAURA L. CHAPMAN, Cal. Bar No. 167249
       LChapman@SheppardMullin.com
2  YASAMIN PARSAFAR, Cal. Bar No. 287617
       YParsafar@SheppardMullin.com
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
4  San Francisco, CA 94111-4109
   Telephone:  415.434.9100
5  Facsimile:   415.434.3947
6
7  Attorneys for Plaintiff PERFORMANCE DESIGNED PRODUCTS LLC

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| PERFORMANCE DESIGNED PRODUCTS LLC. a California Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>PLANTRONICS, INC., POLYCOM, INC., POLY and DOES 1 to 10,<br><br>    Defendants. | Civil Action No. 19-cv-00536-GPC-LL<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF FOR: (1) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT; (2) COMMON LAW TRADEMARK INFRINGEMENT UNDER CALIFORNIA STATE LAW; and (3) UNFAIR BUSINESS COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 DEMAND FOR JURY TRIAL** |

        Plaintiff PERFORMANCE DESIGNED PRODUCTS LLC ("Plaintiff" or "PDP"), for its Complaint, alleges as follows:

### NATURE OF ACTION

        1.    This is an action for trademark infringement and unfair competition under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)), common law

-1-

SMRH:4820-3825-5005.2

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

trademark infringement under California law, and unfair competition under California Business & Professions Code § 17200.  Plaintiff seeks all appropriate equitable and legal relief, including but not limited to preliminary and permanent injunctive relief, monetary recovery, attorneys' fees under the Lanham Act and punitive damages under the state law claims.

## **THE PARTIES**

2.      Plaintiff PERFORMANCE DESIGNED PRODUCTS LLC is a limited liability company organized and existing under the laws of the state of California, with its principal place of business in San Diego, California. Plaintiff is a leading video game accessory provider in the U.S. and worldwide.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant PLANTRONICS, INC. ("Plantronics") is a Delaware corporation with its principal place of business in Santa Cruz, California.

4.      Plaintiff is informed and believes, and on that basis alleges, that Defendant POLYCOM, INC. is a Delaware corporation with its principal place of business in San Jose, California.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant POLY is a business entity, form unknown, with its principal place of business in Santa Cruz and/or San Jose, California.  Plaintiff is further informed and believes that POLY is the new combined name of Plantronics and Polycom.

6.      Defendant PLANTRONICS, INC. and Defendant POLYCOM, INC. and Defendant POLY are collectively referred to as "Defendants."

7.      Plaintiff is further informed and believes, and on that basis alleges, that Defendants have engaged in the acts alleged in this Complaint in this judicial district.  Plaintiff is further informed and believes that Defendants have solicited and conducted business over the Internet, through its website in this judicial district, http://www.poly.com/, and through other means in this judicial district.

SMRH:4820-3825-5005.2

-2-

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

8.     Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 10, inclusive and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their names and capacities when they have been ascertained.

9.     On information and belief, each of the fictitiously named defendants is at all relevant times responsible in some manner for the occurrences alleged in this Complaint.  Their alleged acts and/or omissions are a direct and proximate cause of the injuries sustained by Plaintiff.

10.    Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other defendants, and all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization, and ratification of their co-defendants.

## JURISDICTION AND VENUE

11.    This action arises under the Lanham Act, 15 U.S.C. § 1125, the common law and California Business & Professions Code § 17200.

12.    The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c) in that, on information and belief, Defendant has done business in this district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district.

SMRH:4820-3825-5005.2

-3-

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

14.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are subject to the personal jurisdiction of this Court and is amenable to service of process in California.

## FACTUAL ALLEGATIONS

### Plaintiff's Background and the Mark At Issue

15.     Plaintiff is a leading video and computer game accessory provider in the U.S. and has made and sold gaming accessories since at least 1997.

16.     Plaintiff sells audio headsets, video game controllers, chargers, storage cases, backpacks, protective gear, and various novelty and collectible items.

17.     While marketed toward game play, Plaintiff's audio headsets are engineered and built to be durable and comfortable for any entertainment, including watching a movie, or listening to music. Indeed, consumers use Plaintiff's headsets for non-gaming related activities, including listening to music and speaking on their mobile devices.

18.     Plaintiff's gaming accessories are compatible with personal computers and gaming systems such as Microsoft Xbox, Sony PlayStation, and Nintendo Switch.  For most of its existence, Plaintiff has manufactured products in partnership with top technology and entertainment brands including but not limited to Microsoft, Sony, Nintendo, Disney, Warner Brothers, Capcom, Bethesda, Electronic Arts, Sega, and Nickelodeon.

19.     Plaintiff has created high quality products to enhance its consumers' gaming and entertainment experience under license and branded with the trademarks of these top brands.

//
//
//
//

SMRH:4820-3825-5005.2
Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

20.    Plaintiff owns the following marks for use with various gaming accessories:

| **PDP**<br>Reg. No. 4025323 | <br>Reg. No. 4021919 | Reg. No. 5008057<br>Reg. No. 5008058 |
|---|---|---|

21.    Plaintiff's CEO, Tom Roberts, and Senior Vice President of Marketing, John Moore, began discussions for a new logo around late November 2017.

22.    On or about January 22, 2018, they met with PDP's then-graphic designer, Alfredo Tato, to design a new mark for Plaintiff's "PDP Gaming" brand.

23.    Plaintiff sought to create a brand targeted for a broad audience with a design that incorporates the initials of the company.

24.    The initial logo design work and the first review of the PDP Gaming Logo by Plaintiff's product development teams occurred on or about March 21, 2018.  The final design is shown below:



Plaintiff's Mark: PDP Gaming Logo

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

25.   Plaintiff is informed and believes that, other than Defendants' infringing use, no other company is using the PDP Gaming Design in connection with headsets in the U.S.

26.   On or about July 3, 2018, Plaintiff placed its initial tooling order with one if its factories to manufacture products, namely headsets that bear this mark.

27.   PDP has built up goodwill around the PDP Gaming Logo through GameStop, Inc. ("GameStop"), Dream Hack, social media, unsolicited marketing, and a give-away campaign.

28.   GameStop has been a longtime retail partner of PDP and sells a wide variety of PDP products.

29.   On or about July 12, 2018, Plaintiff received its first order from GameStop for products on which this mark was displayed.

30.   GameStop began promoting PDP's LVL 50 audio headsets with the PDP Gaming Logo beginning on October 1, 2018 on GameStop's main website located at www.gamestop.com.

31.   In November 2018, Plaintiff used the PDP Gaming Logo at DreamHack, a major gaming convention.

32.   Plaintiff began using its PDP Gaming Logo on its website, www.pdp.com, on January 31, 2019, on its product pages and banners.

33.   On or about January 30, 2019, Plaintiff first shipped headsets bearing the mark to GameStop and also started accepting orders on its website located at www.pdp.com.

34.   In January, February, and March of 2019, GameStop ran additional promotions using GameStop's in-store displays, through GameStop's weekly ads, and through GameStop TV, GameStop's YouTube channel, which has at least 78,642 subscribers as of the filing of this Second Amended Complaint.

SMRH:4820-3825-5005.2

35.   An example of the promotional materials advertising Plaintiff's gaming headset bearing the PDP Gaming Logo is shown here from GameStop's weekly ads:



36.   On February 1, 2019, PDP officially announced its new line of gaming audio headsets for 2019, the LVL 50 audio headset offered under the PDP Gaming Logo, as shown below:





37.   Plaintiff has also conducted extensive advertising and promotion under the PDP Gaming Logo through social media platforms, including Facebook, Twitter, Instagram, and YouTube, since at least February 1, 2019. An example from Facebook is below:



38.   On February 11, 2019, PDP began a "free giveaway" of LVL 50 audio headsets bearing the PDP Gaming Logo to promote the product before it hit store shelves for sale on February 18, 2019.

39.   Plaintiff has benefitted from unsolicited marketing through social media as well.  More recently, on April 3, 2019, Nintendo retweeted a PDP Twitter post to all 9.67 million of Nintendo's followers, showing the PDP Gaming Logo on the LVL 50 audio headset.  As can be seen in the post below, as of this filing, Nintendo's retweet received at least 165 comments, 548 retweets, and 2,472 likes on Twitter:



SMRH:4820-3825-5005.2
Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

40.     PDP has sold the LVL 50 headset bearing the PDP Gaming Logo through its website to customers in the U.S.

41.     In addition to selling on Plaintiff's own website and at GameStop, Plaintiff intends and expects to sell its LVL 50 audio headsets bearing the PDP Gaming Logo in additional retail stores in the U.S. where it has historically offered its products for resale under its marks, including Best Buy and Walmart.

42.     Plaintiff has also shipped free LVL 50 audio headsets bearing the PDP Gaming Logo to "influencers" who have further promoted the product on social media, including YouTube.

43.     To date, Plaintiff has paid hundreds of thousands of dollars in advertising expenses for GameStop's marketing efforts related to the LVL 50 and the PDP Gaming Logo.

### Defendants' Background: Defendant Plantronics

44.     Defendant Plantronics is a publicly traded, global designer, manufacturer, and marketer of audio headsets for the business and consumer markets.

45.     According to Defendant Plantronics, Inc' 2018 Annual Report Form 10-K filed with the U.S. Securities and Exchange Commission ("SEC"), the company sells headsets; about 25% of its business is in consumer headsets and about 75% of its business in enterprise headsets.

46.     Plaintiff is informed and believes, and on that the basis alleges that Plantronics sells headsets for a wide range of uses, including telecommunications, gaming, and other applications.  Defendant Plantronics' 2018 10-K states that Plantronics' headsets "are widely used with applications . . . in contact centers, offices and homes, with mobile devices and Internet Protocol (IP) telephony, *for gaming*, and for other specialty applications."

47.     Plaintiff is further informed by a declaration of Tanguy Leborgne that Defendants sell consumer headsets, including mono Bluetooth headsets which are

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

traditionally used by drivers or others who need a hands-free environment; stereo Bluetooth headsets for music and entertainment; stereo Bluetooth headsets for sports; and gaming headsets.

48.   Defendants' SEC filings indicate that "[g]aming headsets, whether used for interactive on-line or console gaming, or switching between music and phone calls for multi-functional devices, represent an opportunity in a distinct user market" and emphasize the growing multi-uses the these products will need to accommodate into the future -- "[a]s these users' needs converge, [Plantronics'] headsets need to be compatible with PCs, mobile phones, tablets, gaming consoles, and various combinations of these devices."

49.   Plaintiff is also informed by the Leborgne declaration that Defendants sell enterprise headsets that are intended for a wide range of business environments.  One example is customer service call center workers, who use their headsets while sitting at their station, while taking customer support calls.  Another example are individuals who work in an office and move between spaces.  Another example is mobile professionals who spend much of their time outside the office.

50.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Plantronics currently uses "PLANTRONICS" in connection with its products.

51.   Plantronics' gaming audio headsets are currently offered under Plantronics' "RIG" mark and are compatible with personal computers, Microsoft Xbox, Sony PlayStation, and Nintendo Switch. Representative images of Plantronics' RIG gaming audio headsets are shown below:



| RIG 500 PRO HX for Xbox One | RIG 300 HS for PlayStation 4 |

52.   Plantronics offers other audio headsets under the brands "BACKBEAT," "VOYAGER," and "EXPLORER."

**Defendants' Background: Defendant Polycom**

53.   Defendant Polycom provides communications solutions for voice, video, and content collaboration, such as desk phones, speaker phones, conference phones, video conference solutions, phone adapters, cameras, microphones, and other accessories.

54.   Plaintiff is informed by a declaration of Timothy Root that Defendant Polycom sells desk phones, speaker phones, as well as audio and video conference solutions and the peripheral devices needed to enable them. Plaintiff is further informed that Defendants sell some or all of these products in large volume, and that, in particular, the large volume of desk phones sold by Defendant can be used with the enterprise headsets that businesses purchase for use by their employees.

55.   Defendant Polycom also offers headsets for use with its phones and other products.

56.   Plaintiff is informed and believes, and on that basis alleges that Polycom currently uses the "POLYCOM + Design" mark shown below in connection with its products:



SMRH:4820-3825-5005.2
Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

**Defendants' Merger**

57. Plaintiff is informed and believes, and on that the basis alleges that on July 2, 2018, Polycom merged into Plantronics in a $2 billion acquisition.

58. In a press release issued by Defendants that day, they stated that with the acquisition, Defendants were poised to focus on "voice, video, content, and cloud solutions for ***every place*** that technology touches people as they work, share, collaborate, ***and play***."

59. Defendants also stated in that press release that one of the purposes of the Plantronics and Polycom merger was to allow Plantronics to offer "an unparalleled portfolio of integrated, intelligent solutions that spans headsets, software, desk phones, audio and video conferencing, and cloud services … at a critical time when customers are searching for high-quality audio and video solutions that are easy to buy, easy to use, and easy to manage."

60. Plaintiff is informed and believes, and on that the basis alleges that on March 18, 2019, Defendants announced they would rebrand as "Poly."

61. Plaintiff is informed and believes, and on that the basis alleges that sometime after Plaintiff's first use of its mark in July 2018, Defendant began using a design that is almost identical to the PDP Gaming Logo on their many websites (e.g., www.plantronics.com, www.polycom.com, and www.poly.com), marketing materials, and on social media, as shown by these sample images.




SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

62.     The design used by Defendants, which Defendants refer to as the "Propeller Logo" is shown below:



| Defendants' Mark |
|---|

63.     The parties' marks are virtually identical:

| Plaintiff's Mark | Defendants' Mark |
|---|---|

64.     Plaintiff's use of the mark predates Defendants' use.

65.     Plaintiff is informed and believes that, to date, Defendants have not sold any products bearing the PDP Gaming Logo or Propeller Logo on the products or on the product packaging.  However, Defendants intend to do so.

66.   On February 28, 2019, Defendant Plantronics filed an intent to use application with the USPTO, which was assigned Application Serial Number 88/320,811, for the Propeller Logo in connection with, among other things, headsets. Below is the list of the classes, goods and services included in the registration in International Class 9:

IC 009. US 021 023 026 036 038. G & S: Computer software; Computer hardware and software systems for telecommunications, teleconferencing and video conferencing, communicating audio, video and data between computers via a global computer network, wide-area computer networks, and peer-to-peer computer networks manipulating and controlling images from web cameras and digital cameras; Computer hardware; Computer hardware and computer software programs for the integration of text, audio, graphics, still images and moving pictures into an interactive delivery for multimedia applications; Computer software for transmitting, receiving, processing, reading and watching, and controlling applications, electronic data, images, audio and video files; computer software for reproducing, processing and streaming audio, video and multimedia content and for audio calling, video calling and remote collaborating; computer software for controlling the operation of audio and video apparatus and for viewing, searching and/or reading sound, video, television, films, photographs and other digital images and other multimedia content; computer software for multimedia sharing, media-share computer software for computers; communications and telecommunications software; Internet Protocol phone software; computer software for the management of audio and video communications equipment; computer software for the connection and co-ordination of multiple communications devices; Computer software for use in the operation and management of telecommunications contact centres; computer software for access to cloud-based computing and cloud-based computer resources; computer software for the management of background noise; noise cancellation software; echo cancellation software; computer software for the control of sound levels; audio files reproducing background noise; electronic whiteboards; video cameras; web cameras; audio speakers, wireless speakers; ***headphones; headsets***; earbuds, microphones; Wireless ***headsets***; audio-conferencing equipment; video-conferencing equipment; video-conferencing cameras, speakerphones, computer monitors, televisions; computer peripheral devices; docking stations and adapters for charging mobile devices and batteries, connecting telecommunications devices, mobile devices, display devices, computers, mice and keyboards; apparatus for the transmission or reproduction of sound or images;

microphones; wireless microphones; noise cancellation equipment; echo cancellation equipment; Speakerphones; electronic sound generation and sound masking equipment, masking noise generators, electronic control units for masking and controlling sound; Wireless audio and video data transmission equipment; computer software featuring algorithms for use with sound generation and sound masking equipment; visual display screens; electronic visual display screens for use with sound generation and sound masking equipment; remote controls, battery packs, electric and electronic cables, and instruction manuals for the aforementioned goods; computer peripherals; USB connectable computer peripherals; Telephones; Mobile phones; Teleconferencing phones; Voiceover IP (VoIP) telephones IC 037. US 100 103 106. G & S: Installation and maintenance of office equipment; Installation and maintenance of computer hardware; Installation and maintenance of audio-visual communication equipment; Installation and maintenance of teleconferencing equipment; Installation configuration, optimization, and maintenance of sound generation and sound masking equipment relating to workplace sound masking; Installation and maintenance of equipment to control sounds within workplace IC 038. US 100 101 104. G & S: Communications services; Telecommunications service IC 041. US 100 101 107. G & S: Provision of education and training; provision of training in the use of the telecommunications equipment, hardware and software; provision of training in the use of office equipment IC 042. US 100 101. G & S: Technical research, analysis and design services; Technical research, analysis and design of office equipment; Technical research, analysis and design of audio-visual communication equipment; Technical research, analysis and design of teleconferencing equipment; Technical research, test, evaluation and design services relating to workplace sound masking; Installation and maintenance of computer software; Installation and maintenance of communications computer software; Software as a service; Providing access to non-downloadable communication software; Cloud computing services; IT consultancy; Interior design; Interior design for offices; Interior design to optimize sound masking. (emphasis added)

67.    On July 8, 2019, Defendant modified its description of goods and services in International Class 9 to state as follows:

Computer software, namely, downloadable or recorded software for scheduling, controlling, enhancing, and managing video, voice and data communications and monitoring, managing and maintaining voice, video

and data devices; Computer hardware and downloadable or recorded software for telecommunications, teleconferencing and video conferencing, communicating audio, video and data between computers via a global computer network, wide-area computer networks, and peer-to-peer computer networks manipulating and controlling images from web cameras and digital cameras; Computer hardware; Computer hardware and downloadable or recorded computer software programs for the integration of text, audio, graphics, still images and moving pictures into an interactive delivery for multimedia applications; Computer software in the nature of downloadable or recorded software for downloading, transmitting, receiving, processing, reading, watching, and controlling applications, electronic data, images, audio and video files; Computer software in the nature of downloadable or recorded software for reproducing, processing and streaming audio, video and multimedia content and for audio calling, video calling and remote collaborating; computer software in the nature of downloadable or recorded software for controlling the operation of audio and video apparatus and for viewing, searching and/or reading sound, video, television, films, photographs and other digital images and other multimedia content; computer software in the nature of downloadable or recorded software for sharing multimedia; communications and telecommunications software in the nature of downloadable or recorded software for audio and video conferencing, data sharing, and real-time collaboration; Internet Protocol phone software in the nature of downloadable or recorded software for conducting VOIP conference calls; downloadable or recorded computer software for the management of audio and video communications equipment; downloadable or recorded computer software for the connection and co-ordination of multiple communications devices; downloadable or recorded computer software for use in the operation and management of telecommunications contact centers for scheduling, controlling, enhancing, and managing video, voice and data communications; downloadable or recorded computer software for access to cloud-based computing and cloud-based computer resources; downloadable or recorded computer software for the management of background noise; downloadable or recorded noise and echo cancellation software for controlling and operating noise and echo cancellation headphones and speakers; downloadable or recorded computer software for the control of sound levels; downloadable or recorded sound files reproducing background noise; electronic interactive whiteboards; video cameras; web cameras; audio speakers; ***headphones***; ***telephone and computer headsets***; earbuds; microphones; video-conferencing equipment, namely, telephones, speakerphones, monitors, cameras, ***telephone and computer headsets***, wireless presenter remote pointers, and computer

SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

Civil Action No. 19-cv-00536-GPC-LL

peripheral devices for audio and video conferencing and collaboration; video-conferencing cameras, speakerphones, computer monitors, televisions; docking stations and adapters, namely, electronic docking stations and electrical adapters for charging mobile devices and batteries, connecting telecommunications devices, mobile devices, display devices, computers, mice and keyboards; apparatus for the transmission or reproduction of sound or images; noise and echo cancellation equipment, namely, audio speakers and noise and echo cancelling ***headphones***; Speakerphones; electronic sound generation and sound masking equipment, masking noise generators, and electronic control units for masking and controlling sound, namely, computer hardware and downloadable or recorded software for sound generation, noise cancelling, echo cancelling and sound masking; Wireless audio and video data transmission equipment, namely, computer hardware and downloadable or recorded software for the transmission or reproduction of sound or images; downloadable or recorded computer software featuring algorithms for use with sound generation and sound masking equipment; visual display screens in the nature of computer screens, computer monitors and televisions; electronic visual display screens for use with sound generation and sound masking equipment; remote controls for audio and video communications equipment; battery packs for audio and video communications equipment; electric and electronic cables for audio and video communications equipment, and downloadable instruction manuals for the audio and video communications equipment; computer peripherals; USB connectable computer peripherals; Telephones. (emphasis added)

68.    On July 8, 2019, Defendant modified its description of goods and services in International Class 42 to state as follows:

Technical research, analysis and design services, namely, technical research in the field of acoustics and new product design in the fields of audio and video conferencing, data sharing, and real-time collaboration; Design of office computers, furniture, telecommunications equipment, audio and video conferencing equipment, video monitors, speakers, and ***headsets***, and technological product research in the aforementioned fields; Design of audio-visual communication and teleconferencing equipment, and technological research in the aforementioned fields; Technical research, test, evaluation and design services, namely, technical research in the field of acoustics, interior design, and product quality testing to test the operations and effectiveness of sound equipment relating to workplace sound masking; Installation and maintenance of computer software; Installation and

maintenance of communications computer software; Software-as-a-Service (SaaS) services featuring software for controlling audio and video communications equipment, conferencing equipment, collaboration equipment, and also for controlling other communications or operational software applications associated with the foregoing equipment; Providing online non-downloadable communication software for voice and video conferencing, data sharing, and real-time collaboration; IT consultancy; Interior design to optimize sound masking. (emphasis added)

69.    On March 18 and 19, 2019, Defendants issued press releases unveiling new goods and services, all of which—as described by CNET, the world's leading publisher on technology and consumers electronics—"retain the Plantronics and Polycom" brands.

70.    Plaintiff learned about Defendants' use of the virtually exact same logo as the PDP Gaming Logo on March 18, 2019.

71.    Defendants' SEC Earnings Presentation issued in connection with its quarterly earnings call of May 7, 2019 appears to indicate that Defendants plan to use the PDP Gaming Logo (what it calls the Propeller Logo) across Defendants' line-up of products, including headsets, phones used with headsets, as well as speakers and cameras, among other possible products.

72.    Defendants started using the mark at issue on their website, www.poly.com.  A page from Defendants' website is below, showing the use of the mark on the same webpage it is selling its gaming headset:



SMRH:4820-3825-5005.2
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
Civil Action No. 19-cv-00536-GPC-LL

**Additional Allegations Relating to Likelihood of Confusion**

73.   As a result of Defendant's use of the PDP Gaming Logo, actual confusion began within days.

74.   On March 20, 2019, a mere two days after Defendants started infringing the PDP Gaming Logo, PDP's legal department received an email at legal@pdp.com with the subject line "Poly logo," stating, "Hi, the new company Poly has the same logo as you have: [pasting Poly's infringing mark] Is your company been sold?"



75.   In addition, a comment posted in response to a March 19 news article about Defendants' rebrand to "Poly" stated, "[w]onder if they paid PDP gaming for use of that identical design" and linked to PDP Gaming.

76.   Based on information known to Plaintiff, the actual confusion evidenced to date has occurred even before Defendants started using the PDP Gaming Logo on products and product packaging.  The confusion that will result from use by Defendants of the mark on Defendants' products and product packaging will be significant if consumers and users of Plaintiff's and Defendants' products encounter the mark on Defendants' products and packaging.

77.   Defendants' consumer products are in direct competition and sold in the same marketing channels and together with some of Plaintiff's products. Plaintiff's top five business customers that offer Plaintiff's products for resale, including audio headsets, are GameStop, Walmart, Amazon, BestBuy, and Target. Defendants also sell products, including audio headsets, at these same retailers.  An example of Plantronics headsets being sold with PDP products on Amazon is shown below:

Related to items you've viewed                                                                                    Page 1 of 3

      

78.   Defendants' products other than gaming headsets are complementary and closely related as to cause a substantial confusion if marketed under the virtually identical logo.  For example, Plaintiff's audio headsets are equipped with a mutable microphone to allow users to communicate by voice while playing a game or connected via audio or video chat.  And Defendants' audio headsets are complementary and closely related to Defendants' other goods, such as conference phones, in that headsets are often used for audio and video conferencing.

79.   After Plaintiff filed the original complaint and motion for preliminary injunction in this action, Defendants stated they would not use what they call the Propeller Logo in connection with gaming headsets.  However, that is not the case. A page from Defendants' website, www.poly.com, is below, showing the use of the mark on the same webpage it is selling its gaming headset:

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

1

2

3

4

5

6

7

8        80.     As of July 17, 2019, the poly.com website prominently displays a

9    virtually identical copy of the PDP Logo on the home page.  To get to a page that

10   shows the RIG gaming headset requires clicking through three different pages that

11   display the same logo.  From the home page, one clicks the "Plantronics" link,

12   which leads to a page on which one can click the "get started" button for help in

13   finding the right product.  On the next page one can click "gaming," which leads to

14   the following page that displays the PDP Gaming Logo and Defendants' gaming

15   headsets:

16



17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4820-3825-5005.2

81.    Even if Defendants refrained from using the PDP Logo on their RIG gaming headsets and removed gaming headsets from their website, a likelihood of confusion would not be avoided.  Defendants' intention to use a virtual carbon copy of the PDP Gaming Logo on all or virtually ***all other types of headsets*** sold in the marketplace, ***except*** gaming headsets, will result in a likelihood of confusion when consumers encounter one of Plaintiff's headsets with the same logo on it because Defendants will have flooded the marketplace with the logo on headsets and have millions of end users of their products. Likelihood of confusion cannot be avoided in light of Defendants' intention to occupy the virtually entire field of headsets with the PDP Gaming Logo.  Defendants' use of the highly distinctive PDP Gaming Logo on all types of headsets except gaming headsets will likely confuse consumers into believing that the source of all headsets bearing the mark is the same, or that the companies that produce headsets with the same logo are affiliated.

82.    The likelihood of confusion is not limited to headsets, but extends to all products sold by Defendants in view of at least the similarity of the marks, the relatedness of the goods, the conceptual and commercial strength, and the way in which the products are marketed, including on the Poly website, which is focused on all business and consumer customers.

83.    Defendants' own sworn declarations indicate that the end users of Defendants' consumer headsets are a wide range of people – from people who listen to music, people who engage in sports activities, video gamers and anyone who enjoys consuming audio content.

84.    Defendants contend the purchasers of its enterprise headsets "are company IT and procurement managers."  Some may be in the market for video game headsets for use by themselves or as a gift.  Use of the same logo by Defendants will likely cause confusion, mistake or deception.

SMRH:4820-3825-5005.2

85.    The Form 10-K filed by Plantronics for the fiscal year ending May 9, 2018 states that Plantronics earned more than $857 million in headset sales, 51 percent of which was earned in the United States.  (page 33-34).  Plaintiff is informed by the Declaration of Tanguy Leborgne that the average recommended retail price of Defendant Plantronics' enterprise headsets, which comprise the majority of its revenue, is $400.  This data suggests that Defendant Plantronics alone sells somewhere on the magnitude of a million headsets a year.

86.    The Form 10-K filed by Polycom, Inc. for the fiscal year ending December 31, 2015 states that the company counted more than 400,000 businesses as customers four years ago.  Polycom's customers' employees therefore likely number in the multi millions of people.

87.    Thus, Defendants' own sworn declarations and public filings indicate there are multiple millions of users of Defendant's products.  These users will be exposed to PDP's Gaming Logo if it is placed on Defendants' products that are used by consumers and workers in a variety of ways and settings, which will cause a likelihood of confusion, mistake or deception.

88.    Video game players and users of gaming headsets also constitute millions of people.

89.    There is overlap between consumer groups who purchase and/or use Defendants' products (consisting of drivers or others who need a hands free environment; people who listen to music and podcasts and use the headphone for entertainment; people who exercise or do sports; people who play videogames; customer service call center workers; mobile professionals who spend much of their time outside the office; people who use office phones and are exposed to video conferencing) and Plaintiff's products (people who play videogames).

90.    Defendants' use of the same or virtually identical mark on every type of headset other than gaming headsets will make it difficult if not impossible for

-23-

1    consumers to discern the source of each party's products, even if there are

2    consumers who attempt to use a higher degree of care in purchasing decisions.

3      91.    Confusion, mistake, and deception over use of the same logo is even

4    more likely due to the Defendants' display of many different types of headsets on

5    Defendants' website, www.poly.com, as of July 18, 2019, as shown below:





Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

92.   Close up images of each row of these products, marketed and offered for sale under a carbon copy of the PDP Gaming Logo, is below:



**BACKBEAT SENSE**

Wireless Headphones + Mic



**BACKBEAT GO 2**

Wireless Earbuds



**BACKBEAT SENSE SE**

Special Edition Wireless Headphones + MIC



**BACKBEAT PRO 2**

Wireless Noise Canceling Headphones + Mic



**CALISTO 240**

USB Handset



**VOYAGER EDGE**

Mobile Bluetooth Headset

**VOYAGER 3200 UC**

Discreet Bluetooth Headset System

**VOYAGER LEGEND UC**

USB Bluetooth Headset System



**VOYAGER FOCUS UC**

Stereo Bluetooth headset with Active Noise Canceling (ANC)



**DUOPRO**

Office Headset



**SUPRAPLUS WIDEBAND**

Contact Center Headset



**DA SERIES**

USB Audio Processor

**T110H**

QD-Equipped Headset

**RIG 4VR**

Gaming Headset

**RIG 500HD**

7.1 Surround Sound PC headset

**RIG 400HS**

Gaming Headset

**RIG 800HS**

Wireless Stereo Headset For Playstation 4

**RIG SURROUND**

Gaming Headset

**RIG 500E**

Surround Sound PC Headset

**RIG 500**

Stereo Gaming Headset

**RIG 505 LAVA**

Stereo PC Gaming Headset

93.    The products shown above are:

Backbeat Sense Wireless Headphones + Mic

Backbeat Go 2 Wireless Earbuds

Backbeat Sense SE Special Edition Wireless Headphones + Mic

BackBeat Pro 2 Wireless Noise Cancelling Headphones + Mic

Calisto 240 USB Headset

Voyager Edge Mobile Bluetooth Headset

Voyager 3200 UC Discreet Bluetooth Headset System

-26-

SMRH:4820-3825-5005.2          SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

Civil Action No. 19-cv-00536-GPC-LL

Voyager Legend UC USB Bluetooth Headset System

Voyager Focus UC Stereo Bluetooth Headset with Active Noise Cancelling

Duopro Office Headset

SupraPlus Wideband Contact Center Headset

DA Series USB Audio Processor

T110H QD-Equipped Headset

RIG 4VR Gaming Headset

RIG 500HD 7.1 Surround Sound PC Headset

RIG 400 HS Gaming Headset

RIG 800HS Wireless Stereo Headset for Playstation 4

RIG Surround Gaming Headset

RIG 500E Surround Sound PC Headset

RIG 500 Stereo Gaming Headset

RIG 505 LAVA Stereo Gaming Headset

94.    As displayed and marketed on Defendants' website, the Propeller Logo appears to be the trademark for all of the products, including the various products bearing the name RIG.

95.    All of Defendant's headsets are marketed and sold under the Propeller Logo Brand.

96.    When consumers and users of products made and sold by each party encounter the same logo in connection with either Defendants' goods or Plaintiff's goods, they are likely to get confused or mistaken or deceived as to the origin, sponsorship or approval of the goods.  Both forward and reverse confusion are likely.  Initial interest confusion, point of sale confusion and reverse confusion are likely.

97.    Defendants' audio headsets and other products have received complaints and negative reviews, some as recently as March and April 2019. There are negative reviews on Best Buy's website about "sound quality issues,"

how the "mic sounds terrible," and "frequent disconnections" for Plantronics RIG headsets.  A review on the Walmart website states that the "quality standard [for Plantronics audio headset has] fallen dramatically."  A 1 star review on Amazon describes a Polycom product as a "$700 paperweight" and "trash."

98.   Defendant should not be permitted to usurp the market by using Plaintiff's PDP Logo.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**AGAINST ALL DEFENDANTS**

99.   Plaintiff repeats and re-alleges each of the allegations contained above, as if fully set forth herein.

100.  Defendants' use and promotion of the mark will likely cause confusion, mistake or deception as to the affiliation, connection, or association of Plaintiff with Defendants, or with regard to the origin, sponsorship or approval by Plaintiff of Defendants' goods, services or commercial activities pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and should be preliminarily and permanently enjoined.

101.  Defendants' use of the mark constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and should be preliminarily and permanently enjoined.

102.  Defendants should not be permitted to expand their use of the mark and use it on products or product packaging.

103.  Plaintiff has been damaged by Defendants' use of the mark and will suffer irreparable harm unless Defendants are preliminarily and permanently restrained from using the infringing mark in connection with any and all of their goods and services.

SMRH:4820-3825-5005.2

**SECOND CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT**
**AGAINST ALL DEFENDANTS**

104.  Plaintiff repeats and re-alleges each of the allegations contained above, as if fully set forth herein.

105.  Defendants' use of the mark constitutes common law trademark infringement and should be preliminarily and permanently enjoined.  Defendants' use and promotion of the mark will likely cause confusion, mistake or deception as to the affiliation, connection, or association of Plaintiff with Defendants, or with regard to the origin, sponsorship or approval by Plaintiff of Defendants' goods, services or commercial activities.

106.  To the extent that discovery shows that Defendants adopted the mark intentionally, willfully and/or in bad faith, then such actions would be oppressive, fraudulent and/or malicious and/or in reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of punitive damages under state common law.

**THIRD CLAIM FOR RELIEF**
**BUSINESS & PROFESSIONS CODE § 17200**
**AGAINST ALL DEFENDANTS**

107.  Plaintiff repeats and re-alleges each of the allegations contained above, as if fully set forth herein.

108.  Defendants' use of the mark constitutes an unlawful, unfair and/or fraudulent act and should be preliminarily and permanently enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1.     For a preliminary and permanent injunction prohibiting Defendants from using the mark or any other mark that is confusingly similar to Plaintiff's mark.

2.     For monetary relief, including actual damages under the Lanham Act and the common law, Defendants' profits under the Lanham Act and common law, and punitive damages under California Civil Code § 3294 and any and all other

-29-

SMRH:4820-3825-5005.2

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

state statutes (in connection with the state common law claim) according to proof at trial.

     3.    That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Lanham Act or as otherwise provided by law.

     4.    That Defendants be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all sums allowed by law.

     5.    That Defendants be ordered to pay to Plaintiff its costs incurred in this action.

     6.    That Plaintiff has such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated this 19th day of July, 2019.

              Respectfully submitted,

              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

           By:        /s/ *Laura L. Chapman*
              LAURA L. CHAPMAN
              Attorneys for Plaintiff
              PERFORMANCE DESIGN
              PRODUCTS LLC

SMRH:4820-3825-5005.2

Civil Action No. 19-cv-00536-GPC-LL
SECOND AMENDED COMPLAINT FOR INJUNCTIVE & MONETARY RELIEF FOR
TRADEMARK INFRINGEMENT & UNFAIR COMPETITION